UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-80368-CIV-PAINE

GUY FILUS, on his own behalf and
others similarly situated,

    Plaintiff,

vs.

CANNOLI KITCHENN II, INC., a Florida
corporation, and ARTURO GISMONDI,
individually,

    Defendants.
_____/



### ORDER GRANTING IN PART
### PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

    This matter is before the court on Plaintiff's Motion to Strike Affirmative Defenses, filed on July 1, 2003. Upon review of the motion and the responses thereto, the court finds that the motion should be granted in part for the reasons set forth below.

    This case arises under the Fair Labor Standards Act, codified at 29 U.S.C. § 216(b). Essentially, plaintiff asserts that defendants failed to pay him for overtime hours worked. In response, defendants have raised several affirmative defenses. In the instant motion, plaintiff asks this court to strike defendants' affirmative defenses of estoppel, waiver, and unclean hands.

    At the outset, the court notes that motions to strike are generally disfavored. See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982), cert. denied, 459 U.S. 1105 (1983). Motions to strike will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. See Poston v.

American President Lines, Ltd., 452 F. Supp. 568, 571 (S.D. Fla. 1978) (citing Augustus v. Board of Public Instruction, 306 F.2d 862, 868 (5th Cir. 1962)). Under this legal umbrella, the court has made the following determinations regarding the affirmative defenses of estoppel, waiver, and unclean hands[1].

### *Estoppel*

In support of his contention that the affirmative defense of estoppel should be stricken, plaintiff cites to an unpublished decision from this district. See Plaintiff's Motion to Strike Affirmative Defenses at p. 3. While the court recognizes the reasoning of such decision, it is also cognizant of the notion that "an equitable defense is peculiar to the facts of a given case." Munkens v. 1412 Broadway, Inc., 50 F.Supp. 632 (S.D.N.Y. 1942). Further, as pointed out by defendants in their response to the instant motion, courts have found a theory of estoppel appropriate in several FLSA cases. See Brumbelow v. Quality Mills, Inc., 462 F.2d 1324, 1327 (5th Cir. 1972)(holding plaintiff who falsely under-reported the hours she worked was estopped from recovering wages under the FLSA); see also Forrester v. Roth's IGA Foodliner, Inc., 646 F.2d 413 (9th Cir. 1981)(finding plaintiff was estopped from asserting that he worked overtime where the employer had no knowledge of the alleged uncompensated overtime hours, and the employee's deliberate acts prevented the employer from acquiring such knowledge). In light of cases such as Brumbelow and Forrester, the court finds that defendants' allegations of estoppel may have a possible relation to the

---

[1] Plaintiff initially seeks to strike all three affirmative defenses for failure to comply with Rule 8, asserting that defendants have not provided adequate factual support for the defenses. The court notes that the liberal pleading rules are also applied to the pleading of affirmative defenses. See, e.g. Hassan v. U.S. Postal Service, 842 F.2d 260 (11th Cir. 1998). Upon review of defendants' Answer and Affirmative Defenses, the court finds the pleading to be within the parameters of Rule 8.

instant controversy, and should, therefore, not be stricken.

## *Waiver*

Plaintiff correctly notes that, as a matter of law, one cannot waive one's rights under the FLSA. See, e.g. Brennan v. Veterans Cleaning Service, Inc., 428 F.2d 1362, 1370 (5th Cir. 1973). While equitable defenses may be established by the facts of each case, courts have expressly noted that the equitable defense of waiver is not available under the FLSA. Accordingly, the court finds that defendants' affirmative defense of waiver should be stricken.

## *Unclean Hands*

Finally, plaintiff contends that the affirmative defense of unclean hands should be stricken. Rather than provide any sound legal guidance, plaintiff suggests that this defense is duplicative of the theories of estoppel and waiver. The court has not found any specific bar to such a defense under the FLSA (as with waiver), and, therefore finds the defense of unclean hands to have a possible relationship to the pending allegations. As such, the court will decline to strike "unclean hands" from defendants' Answer and Affirmative Defenses. Accordingly, it is

ORDERED AND ADJUDGED that Plaintiff's Motion to Strike Affirmative Defenses (D.E. #8) is GRANTED IN PART. Defendants' affirmative defense of "Waiver" is STRICKEN. The affirmative defenses of "Estoppel" and "Unclean Hands" remain pending.

DONE AND ORDERED at West Palm Beach, Florida, this 21st day of July, 2003.

*James C. Paine*
UNITED STATES DISTRICT JUDGE

Copies furnished to:
   Gregg I. Shavitz, Esq.
   James C. Polkington, Esq.